# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ROBERTO SALGADO MARTINEZ, BY AND THROUGH HIS DAUGHTER AND NEXT FRIEND, MIRIAM K. SALGADO MERIDA,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**WARDEN, ERO EL PASO CAMP EAST MONTANA, EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND MARKWAYNE MULLIN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,**<br><br>***Respondents*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-02107-LS** |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Petitioner Robert Salgado Martinez moves for a temporary restraining order ("TRO") enjoining Respondents from removing him from the country "or transferring him outside the jurisdiction of this Court"[1] during removal proceedings. The Court has discretion to grant or deny a TRO based on four elements[2]:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

---

[1] ECF No. 2 at 5.
[2] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

However, "Federal courts lack jurisdiction over 'claims connected directly and immediately with a "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."'"[4] And "[a] request for stay of removal is a challenge to a removal order."[5] Additionally, "[b]ecause jurisdiction attaches on the initial filing for habeas corpus relief,"[6] "a government initiated transfer of a prisoner from one facility to another, in a different judicial district, does not automatically divest the Court of its jurisdiction,"[7] which is proper only in "the district of confinement."[8] The Court therefore lacks jurisdiction to stay removal, and transfer to another detention facility does not affect the Court's jurisdiction. Accordingly, the Court **DENIES** Petitioner's motion for a TRO and stay of removal [ECF No. 2].

**SO ORDERED**.

**SIGNED** and **ENTERED** on August 14, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[4] *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (quoting *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999)); *see also* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders under [Chapter 12].").

[5] *Imran v. Harper*, 2025 WL 93131, at *1 (upholding the district court's ruling that it lacked jurisdiction to stay removal despite the petitioner's argument that "his request for a stay of removal 'simply sought to preserve the status quo so the court can address his detention related claim, without interfering or reversing the underlying removal order.'").

[6] *Middleton v. Schult*, 199 Fed. App'x 94, 94 n.1 (2d Cir. 2008) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)).

[7] *Mason v. Alatary*, No. 9:23-cv-0193, 2023 WL 2965619, at *3 (S.D.N.Y. Apr. 17, 2023) (citing *Ex parte Endo*, 323 U.S. 283, 306–07 (1944)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("[W]hen the government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has the legal authority to effectuate the prisoner's release.").

[8] *Rumsfeld*, 542 U.S. at 443.